# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY E. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 11633 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| | ) |
| SHERIFF OF COOK COUNTY and | ) |
| COOK COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for their alleged violations of his constitutional rights. Cook County has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the Court grants the motion.

## Facts

In December 2013, while he was a pretrial detainee at Cook County Jail, plaintiff had a stroke and was treated at Stroger Hospital. (Compl. ¶¶ 5-6.) Pursuant to Sheriff's Office policy, plaintiff was shackled and handcuffed to his bed at all times while he was in the hospital. (*Id.* ¶ 7.) Thus, "plaintiff could not ambulate as required for recovery from the stroke and was subjected to inhumane treatment [and] prolonged and unnecessary pain." (*Id.* ¶ 9.) When he returned to the Jail, plaintiff did not have physical therapy as his doctors had ordered "because of policy decisions by defendants to limit unreasonably the medical services available to detainees at the Cook County Jail." (*Id.* ¶¶ 10-11.) Plaintiff "suffered serious personal injuries" as a result. (*Id.* ¶ 12.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

To state a § 1983 claim against Cook County, plaintiff must allege that the County deprived him of a constitutional right pursuant to one of its policies or practices. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). A policy, in this context, is an express policy, a practice so widespread and permanent that it has the force of law, or action by a person with final policymaking authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Plaintiff alleges that he did not receive physical therapy because of "policy decisions by defendants to limit unreasonably the medical services available to detainees at the Cook County Jail." (Compl. ¶ 11.) However, as the County points out, plaintiff does not allege "what Cook County's policy was, how it was the driving force behind any deprivation he suffered, or how Cook County's . . . policy interacted with the Sheriff's policy decisions." (Cook County's Mot. Dismiss at 4.) Absent such allegations, plaintiff has not stated a plausible claim for relief against the County.

2

## **Conclusion**

For the reasons set forth above, the Court grants Cook County's motion to dismiss [8] and dismisses without prejudice the claims plaintiff asserts against it.  Plaintiff has until March 10, 2016 to amend the claim against the County if he can do so and comply with Rule 11.  If plaintiff fails to amend by that date, the Court will dismiss this claim with prejudice.

**SO ORDERED.**                    **ENTERED:    February 24, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**